UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDELMIRO GUERRA

VERSUS

LIBERTY MUTUAL INSURANCE
COMPANY, ET AL.

CIVIL ACTION

NO. 17-366-JWD-RLB

# ORDER

Before the Court is Defendant's Motion to Compel (R. Doc. 11) filed on October 25, 2017. Plaintiff has not filed a response within the time allowed by Local Rule 7(f). Accordingly, the Motion is unopposed.

**I.    Background**

On June 12, 2017, Edelmiro Guerra ("Plaintiff") commenced this action against Liberty Mutual Insurance Company and Applebee's Restaurants, LLC d/b/a Applebee's Grill & Bar, alleging that he incurred personal injuries when he slipped and fell in the men's room of an Applebee's Grill & Bar in Hammond, Louisiana. (R. Doc. 1). Plaintiff subsequently amended the Complaint by removing Liberty Mutual Insurance Company as a defendant, and naming Ohio Casualty Insurance Company and Southern River Restaurants, LLC d/b/a Applebee's Grill & Bar as defendants. (R. Doc. 4).

On August 22, 2017, Southern River Restaurants, LLC, Applebee's Restaurants, LLC, and Ohio Casualty Insurance Company (collectively, "Defendants") served Interrogatories and Requests for Production on Plaintiff. (R. Doc. 11-3).

On September 26, 2017, defense counsel wrote to Plaintiff's counsel requesting information on the outstanding discovery requests by 4:30 p.m. on October 19, 2017. (R. Doc. 11-4).

On October 4, 2017, defense counsel held a telephone conference with Plaintiff's counsel. (R. Doc. 11-5). While Defendants extended the deadline to respond to the discovery requests to October 18, 2017, they reserved the right to file an appropriate motion if Plaintiff did not provide responses by October 19, 2017. (R. Doc. 11-5).

On October 25, 2017, Defendants filed the instant motion. (R. Doc. 11). Defense counsel certifies that Plaintiff had not responded to the outstanding discovery requests as of the date of the motion. (R. Doc. 11-2).

As stated above, Plaintiff has not filed any opposition to the instant motion.

## II. Law and Analysis

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The court must limit the frequency or extent of discovery if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii)

the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

Rules 33 and 34 provide a party with 30 days after service of the discovery to respond or object. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). If a party fails to respond fully to discovery requests made pursuant as to Rules 33 and 34 in the time allowed by the Federal Rules of Civil Procedure, the party seeking discovery may move to compel disclosure and for appropriate sanctions under Rule 37. An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4).

Plaintiff has not opposed this motion or otherwise filed an indication in the record that responses to written discovery requests have been provided. As Plaintiff did not make any timely objections, the Court finds that it has waived its objections to Defendants' Interrogatories and Requests for Production, with the exception of those pertaining to any applicable privileges or immunities. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-cv-3862, 2011 WL 2637289, at *6 (E.D. La. July 6, 2011) (finding waiver of all objections to "discovery

requests based on relevance, unduly burdensome, over broad, or any other objection not grounded on the attorney client or the work product privilege.").

Based on the foregoing, the Court will require Plaintiff to provide its written discovery responses, without objection based on relevance, undue burden, overbreadth, or any other objection not grounded on any applicable privileges or immunities, no later than 10 days from the date of this Order.

Furthermore, the Court will require Plaintiff or his counsel to pay Defendants' reasonable fees pursuant to Rule 37(a)(5)(A). The record indicates that Plaintiff has delayed responding to Defendants' discovery requests. In addition, Plaintiff's counsel has not filed a timely opposition to the relief sought by Defendants.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 11) is **GRANTED**. Plaintiff must provide responses to Defendants' Interrogatories and Requests for Production, including the production of any non-privileged responsive documents, no later than **10 days** from the date of this Order. These responses must be made without objections, except to assert any applicable privileges and/or immunities.

**IT IS FURTHER ORDERED** that Defendants are entitled to an award of the reasonable attorney's fees and costs that they incurred in bringing this motion to compel, and that Plaintiff or his counsel shall be responsible for such payment. In connection with this award, the parties are to do the following:

(1) If the parties are able to resolve this among themselves or otherwise agree to a reasonable amount of attorney's fees and costs,[1] Plaintiff or his counsel shall pay that amount;

(2) If the parties do <u>not</u> agree to a resolution, Defendants shall, within **14 days** of the docketing of this Order, file a Motion for Fees and Costs pursuant to Rule 37, setting forth the reasonable amount of costs and attorney's fees (including evidentiary support) incurred in obtaining this Order; and

(3) Plaintiff shall, within 7 days of the filing of Defendants' Motion, file any opposition pertaining to the imposition of the amounts requested by Defendant.

Signed in Baton Rouge, Louisiana, on November 17, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] This Court has previously found that a relatively modest award was reasonable under similar circumstances where all of the defendants' reasonable expenses were awardable. *See Talley v. State Farm Mutual Automobile Ins. Co.,* No. 16-cv-406, ECF No. 15 (M.D. La. Dec. 9, 2016) ($250 award). The Court also recognizes that a reasonable award under Rule 37 may be less than the actual fees incurred.