UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EDELMIRO GUERRA | * | CIVIL ACTION NO. 3:17-CV-00366 |
| | * | |
| VERSUS | * | JUDGE: JWD |
| | * | |
| LIBERTY MUTUAL INSURANCE | * | |
| COMPANY AND APPLEBEE'S | * | MAGISTRATE: RLB |
| RESTAURANTS, LLC D/B/A | * | |
| APPLEBEE'S GRILL & BAR | * | |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

**I.      Undisputed Facts.**

On July 7, 2016, plaintiff, Edelmiro Guerra, allegedly slipped and fell on a wet and greasy floor in the restroom of the Applebee's Grill and Bar located at 3142 Highway 190 West in Hammond, Louisiana. (See Exhibit A – Amended Petition, ¶¶5, 6.) In his complaint, plaintiff contends that the wet and greasy floor was caused by employees using the same mop and mop water to mop the restroom after mopping the kitchen. (Amended Petition, ¶5.) However, in his deposition, plaintiff testified as follows:

> Q. Did the manager tell you why the floor was slippery?
> A. No, sir.
> Q. Since then have you learned why the floor was slippery?
> A. No, sir.
> Q. In the lawsuit that you filed, you filed a complaint, which is a paper that you actually file with the court telling them that you are suing. In there, it says something about how the manager had told you the mop that they had used had just been used to mop the kitchen. Do you remember having a conversation with the manager about that?
> A. I overhead - - there was two managers. I overheard them.
> Q. Okay. So what did - -
> A. I overheard that.
> Q. What did you hear them saying?
> A. They didn't know why it was slippery. They were just going in there and cleaning it with towels, the whole restroom after my - -
> Q. So that was after the fact you saw them go in with towels?
> A. Yes, sir, I seen them.

> Q. Okay. So did you hear - - - did you hear or have you learned of why the floor may have been slippery?
> A. No, sir, I can't recall.

(See Exhibit B – Excerpts from Deposition of Edelmiro Guerra, Jr., pp. 30-31.) Guerra has no information about how long the floor was slippery before he fell. (Guerra deposition, p. 31.)

Despite this lack of proof, plaintiff sued Applebee's Restaurants, LLC, Southern River Restaurants, LLC, and Southern River Restaurant's insurer Ohio Casualty Insurance Company in pursuit of a remedy for alleged damages sustained in the alleged fall. Plaintiff alleges that Applebee's Restaurants and Southern River Restaurants operated and possessed the subject restaurant and knew, or should have known, of the hazardous floor. (Amended Petition, ¶4.) Plaintiff contends that defendants are legally responsible for his fall for the reasons that follow:

> a) Failing to provide a safe place for its patrons, including Edelmiro Guerra;
> b) Allowing an excessively wet and greasy floor to remain for an unreasonable length of time, with the knowledge or constructive knowledge of the hazard created but failing to take reasonable steps to correct the hazard or otherwise prevent the injuries;
> c) Failing to take adequate and proper steps, including, but not limited to, failing to warn of the hazard;
> d) Failing to take steps to insure adequate warnings at the site of the fall;
> e) Failing to properly instruct its staff on protocols to be observed to prevent incidents such as the one alleged herein;
> f) Failing to implement or enforce policies and/or procedures that would have included reasonable steps to prevent the hazard encountered by the plaintiff; and
> g) Other acts of negligence to be proven at the trial of this case.

(Amended Petition, ¶7)

The restaurant where plaintiff allegedly fell is owned and operated by Southern River Restaurants, LLC. (See Exhibit C – Affidavit of Sean Thompson; Exhibit D - Affidavit of William Taylor.) All employees located at the restaurant on the date of the alleged incident were employees

of Southern River Restaurants, LLC. (Thompson Affidavit; Taylor Affidavit.) Applebee's Restaurants, LLC, did not employ any of the personnel working at the restaurants, and did not train, supervise, or monitor the staff at the restaurant. (Thompson Affidavit; Taylor Affidavit.) At the time of the alleged loss, the daily operation of the restaurant and the compliance with Applebee's standards was completely under the control of Southern River Restaurants, LLC. (Thompson Affidavit; Taylor Affidavit.) The first notice of any alleged defect in the floor that Applebee's Restaurants, LLC, received is the lawsuit. (Taylor Affidavit.)

Considering these facts and the lack of a duty owed by Applebee's Restaurants, LLC, Applebee's Restaurants, LLC, moves for summary judgment. Southern River Restaurants, LLC, also moves for summary judgment as plaintiff cannot prove that Southern River Restaurants, LLC, created the alleged slippery floor condition or had constructive knowledge of that condition. This memorandum is filed in support of that motion.

## II.    Law and Argument.

Summary judgment is appropriated when the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the mover is entitled to judgment as a matter of law. Fed.R. Civ.P. 56; *Celotex Corp. v. Catrett*, 477 US 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden of proof by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the non-moving party's claim. *Celotex*, 477 US at 325. The burden then shifts to the non-moving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *Id.* The non-moving party may

not rest upon pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.*, at 325; *Little*, 37 F.3d at 1075.

### A. Plaintiff Cannot Demonstrate Applebee's Restaurants, LLC, Is at Fault.

In Louisiana, liability for damage caused by a defect in a thing is governed by La.Civ. Code art. 2317.1. In pertinent part, La.Civ. Code art. 2317.1 provides as follows:

> The owner or custodian of a thing is answerable for damages occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. . . .

Jurisprudence interpreting this article holds that to impose liability under La.Civ. Code art. 2317.1, a plaintiff must prove the following: (1) the thing was in the defendant's custody; (2) the thing contained a vice or defect that presented an unreasonable risk of harm; and (3) the defendant knew or should have known of the defect. *Cormier v. Dolgencorp, Inc.*, 136 Fed.Appx. 627, 627-628 (5th Cir. 2005); *Jones v. Hancock Holding Co.*, 707 F.Supp.2d 670, 673 (M.D. La. 2010). The term "custody" as used in La.Civ. Code art. 2317.1 means supervision and control. *Ainsworth v. Shell Offshore, Inc.*, 829 F.2d 548, 551 (5th Cir. 1987); *Boutwell v. Chevron U.S.A., Inc.*, 864 F.2d 406, 409 (5th Cir. 1989). Where a franchisor does not exert day-to-day control over its franchisee's management procedures, jurisprudence holds that the franchisor does not have custody of the alleged defective premises under La.Civ. Code art. 2317.1. *See Nearhood v. Anytime Fitness*, 2015-1142 (La.App. 3 Cir. 05/04/16), 191 So.3d 707; *Chambers-Johnson v. Applebee's Restaurants,* 2012-0098 (La.App. 5 Cir. 09/11/12), 101 So.3d 473.

In *Nearwood v. Anytime Fitness*, *supra.*, Mr. Nearwood was injured when a barbell from an exercise machine fell on him. *Nearwood*, 191 So.2d at 708. In pursuit of a remedy for damages, Mr.

4

Nearwood sued the franchisor of the gym alleging that it allowed the franchisee to possess a dangerous instrumentality. *Id.* In support of a motion for summary judgment, the franchisor presented evidence that it had no control over day-to-day operations of the gym and that it did not direct the franchisee on what exercise equipment to purchase. *Id.*, at p. 711. Finding that Mr. Nearwood failed to present evidence that the franchisor had control over the premises, the Court of Appeal affirmed the district court's summary judgment dismissal of the franchisor. *Id.*

In *Chambers-Johnson v. Applebee's Restaurants, supra.*, Ms. Chambers-Johnson sued the restaurant franchisor when she found a tip of a human finger in her food. *Chambers-Johnson*, 101 So.3d at 474. The franchisor submitted proof that it did not provide, prepare, or cook the food at issue not did it own or operate the restaurant. *Id.* at 476. Ms. Chambers-Johnson argued that the franchisor set forth standards for selecting, preparing and cooking the food as part of the franchisor's desire to have uniformity among the franchise restaurants. Reviewing the same franchisee-franchisor agreement in effect in the case at bar, the Louisiana Court of Appeal found that nothing in the franchise agreement provided the franchisor with control of the daily operations of the restaurant. *Id.*, at 477. The Court of Appeal upheld a summary judgment dismissal of the franchisor.

In the case at bar, plaintiff cannot present any evidence that the franchisor Applebee's Restaurants, LLC, had supervision or control of the restaurant. The restaurant where plaintiff allegedly fell is owned and operated by Southern River Restaurants, LLC. (Thompson Affidavit; Taylor Affidavit.) All employees located at the restaurant on the date of the alleged incident were employees of Southern River Restaurants, LLC. (Thompson Affidavit; Taylor Affidavit.) Southern River Restaurants trained, supervised, and monitored its employees. (Thompson Affidavit; Taylor Affidavit.) Applebee's Restaurants, LLC, did not employ any of the personnel working at the restaurant, and did not train, supervise, or monitor the staff at the restaurant. (Thompson Affidavit;

5

Taylor Affidavit.)  The Franchise Agreement between Southern River Restaurants, LLC, and Applebee's Restaurants, LLC, provides that Southern River Restaurants is responsible for complying with operating standards and training its employees in those standards. (Thompson Affidavit; Taylor Affidavit.)  Although Applebee's Restaurants, LLC, provided standards regarding using clean mops and water to mop and changing the rinse water frequently, the compliance with this standard and daily operation of the restaurant was completely under the control of Southern River Restaurants, LLC. (Thompson Affidavit; Taylor Affidavit.)

Alternatively, even if Applebee's Restaurants, LLC, had custody of the premises, plaintiff cannot present any evidence that Applebee's Restaurants, LLC, who had no employees on the premises, knew or should have known of the allegedly defective floor.  The first notice of any alleged defect in the floor that Applebee's Restaurants, LLC, received is the lawsuit.  (Taylor Affidavit.)

### B.  Plaintiff Cannot Prove Southern River Restaurants, LLC, Is At Fault.

A plaintiff's burden of proof in a claim against a merchant, such as Southern River Restaurants, is governed by La.R.S. 9:2800.6. *Mohammad v. PF Chang's China Bistro, Inc.*, 2013 WL 12138863 (M.D. La. 2013), *affirmed*, 548 Fed.Appx. 236 (5th Cir. 2013).  In pertinent part, La.R.S. 9:2800.6 provides as follows:

> B In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

6

>    (2)   The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
>    (3)   The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

While merchants are required to exercise reasonable care to protect their patrons, they are not insurers of their customers' safety and are not liable simply because an accident happens on their premises. *Turner v. Brookshire Grocery Co.*, 34,562 (La.App. 2 Cir. 04/04/01), 785 So.2d 161, 164; *Ward v. ITT Specialty Risk Services, Inc.*, 31,990 (La.App. 2 Cir.), 739 So.2d 251, 254, *writ denied,* 99-2690 (La.11/24/99), 750 So.2d 987; *Harrison v. Horseshoe Entertainment*, 36-1129, (La.App. 2 Cir. 8/14/02), 823 So.2d 1124, 1129. La.R.S. 9:2800.6 places the burden squarely on the plaintiff, who in addition to establishing an ordinary negligence claim, must prove all three elements set forth in La.R.S. 9:2800.6(B). *Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F.Supp. 996, 998-99 (E.D. La. 1997), *affirmed*, 146 F.3d 868 (5th Cir. 1998). In the case at bar, plaintiff cannot prove the alleged condition of the floor was created by Southern River Restaurants or that Southern River Restaurants had the notice required by statute.

### (1)  Plaintiff Cannot Prove that Southern River Created the Condition.

La.R.S. 9:2800.6(B)(2) requires that plaintiff prove that Southern River Restaurants, LLC, created the floors condition or had constructive notice of the condition. *Guillory v. The Chimes and/or Barco Enterprises, Inc.*, 2017-0479 (La.App. 1 Cir. 12/21/17), 2017 WL 6522995, p. 5. To prove that a merchant created a condition that caused an accident, there must be prove that the merchant, and not a store patron, is directly responsible for the hazardous condition. *Id.*; *Held v. Home Depot, USA*, 2016-1252 (La.App. 1 Cir. 06/02/17), 2017 WL 2399018, p. 3; *Ross v. Schwegmann Giant Super*

7

*Markets, Inc.*, 98-1036 (La.App. 1 Cir.), 734 So.2d 910, 913, *writ denied*, 99-1741 (La.10/01/99), 748 So.2d 444.

In the case at bar, plaintiff cannot carry this burden. In his deposition, plaintiff admitted that he did not know why the floor was slippery. (Guerra deposition, p. 28.) Although plaintiff's Complaint asserts that a greasy mop caused the floor to be slippery, in plaintiff's deposition, plaintiff admitted that he does not know why the floor was purportedly slippery. (Guerra deposition, pp. 30-31.) Plaintiff admitted that no restaurant managers told him why the floor was slippery. (Guerra deposition, p. 30.) Plaintiff admitted that while he was at the restaurant that he did not learn why the floor was slippery. (Guerra deposition, p. 30.) Plaintiff admitted that since leaving the restaurant that he has not learned why the floor was slippery. (Guerra deposition, p. 30.) Considering plaintiff's testimony that he does not know why the floor was slippery, plaintiff cannot carry his burden of proving that Southern River Restaurants, LLC, created the alleged condition.

**(2)  Plaintiff Cannot Prove Southern River Had Notice of the Alleged Condition.**

As demonstrated above, plaintiff cannot prove that the restaurant created the condition. Accordingly, La.R.S. 9:2800.6(B)(2) requires that plaintiff prove that the restaurant had notice, actual, constructive or otherwise, of the condition. La.R.S. 9:2800(C) defines the phrase "constructive notice" as follows:

> . . . that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.

The statute does not allow for the inference of constructive notice absent some positive showing by the plaintiff. *Walthall*, 988 F.Supp. at 999; *Mohammed*, 2013 WL 12138863, p. 3; *White v. Wal-Mart Stores, Inc.*, 97-0393 (La.09/09/97), 699 So.2d 1081, 1084; *Wheelock v. Winn-Dixie Louisiana, Inc.*, 2001-1584 (La.App. 1 Cir. 06/21/02), 822 So.2d 94, 96-97.

The Louisiana Supreme Court addressed this notice requirement at length in *White*, *supra*. In *White*, the plaintiff sued Wal-Mart after she slipped in a puddle of clear liquid while shopping. At trial, she presented no evidence that Wal-Mart or its employees created or had actual notice of the spill, nor did she offer any evidence as to how long the spill had been present. Though both the trial court and court of appeals ruled in favor of the plaintiff, the Supreme Court reversed stating the following:

> The statute is clear. To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care. **Plaintiff presented absolutely no evidence that the liquid was on the floor for any length of time. This complete lack of evidence falls far short of carrying the burden of proving that the liquid had been on the floor for such a period of time that the defendant should have discovered its existence**.

*White*, 699 So.2d at 1086 (emphasis supplied).

The Louisiana Court of Appeal reached the same result in *Williams v. Shoney's, Inc.*, 99-0607 (La.App. 1 Cir. 03/31/00), 764 So.2d 1021, affirming summary judgment for the defendant merchant. In *Williams*, the plaintiff allegedly slipped in a puddle of prune juice near the salad bar at a Shoney's Restaurant. In discussing notice, the appellate court held as follows:

> [I]n the absence of any proof that defendant had actual notice of the alleged defective condition, plaintiff was required to come forward with proof that she could satisfy her evidentiary burden of establishing that defendant had constructive notice. As in *White*, plaintiff herein presented no evidence whatsoever to show that the liquid was on the floor for any length of time to establish the temporal element set forth in *White*. Plaintiff could not establish constructive notice by defendant herein as she submitted no testimony or evidence establishing the length of time the spill remained on the floor. She testified in her deposition that she was unable to say whether the liquid had been there seconds or minutes. In fact, she candidly admitted that she had no idea how long the liquid had been on the floor prior to the accident.

9

*Williams*, 764 So.2d at 1024.

The plaintiff's burden to prove constructive notice under La.R.S. 9:2800.6 is not impossible. *White,* 699 So. 2d 1081, 1085. Other courts have found the requisite notice where the plaintiff produced even circumstantial evidence of the required temporal element. [See e.g. *Lacy v. ABC Insurance Company,* 97-1182 (La.App. 4 Cir. 4/1/98), 712 So.2d 189 – evidence that banana on which plaintiff tripped was "dirty-looking" and that another piece of banana nearby appeared to have been stepped on held sufficient to meet burden of proving constructive notice; *Beninate v. Wal-Mart Stores,* 97-802 (La.App. 3 Cir. 12/10/97), 704 So.2d 851, *writ denied*, 98-0082 (La.03/13/98), 713 So.2d 470 - testimony that floor area around a french-fry had become black satisfied plaintiff's burden of proof.] In the case at bar, the question is if something was on the floor, can plaintiff prove that the substance was on the floor for a sufficient period of time that the restaurant should be liable. The evidence suggests that the plaintiff cannot. As in the cases cited above, plaintiff does not know if the foreign substance was present for seconds or minutes. (Guerra deposition, p. 31.)

**III.    Prayer.**

The undisputed facts indicate the Applebee's Restaurants, LLC, did not have custody or control of the restaurant and should not have had any knowledge of the alleged defect. The facts also demonstrate that plaintiff cannot establish that Southern River Restaurants, LLC, created the floor's alleged slippery condition or had notice of the floor's alleged condition. Accordingly, defendants, Applebee's Restaurants, LLC, Southern River Restaurants, LLC, and Ohio Security Insurance Company, pray for that their Motion for Summary Judgment be granted dismissing plaintiff's claims against all defendants at plaintiff's cost

Respectfully submitted:

                           LAW OFFICES OF KEITH S. GIARDINA

                           BY: ***s/ Brad J. Brumfield***
                           BRAD J. BRUMFIELD, #24982
                           9100 Bluebonnet Centre Blvd., Suite 300
                           Baton Rouge, LA 70809
                           (225) 923-7391
                           (603) 430-0864 (fax)
                           Brad.Brumfield@LibertyMutual.com
                           Counsel for Defendants, Applebee's Restaurants, LLC, Southern River Restaurants, LLC and Ohio Security Insurance Company

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 14, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

      Baton Rouge, Louisiana, this 14th day of May, 2018.

                           ***s/ Brad J. Brumfield***
                           Brad J. Brumfield, #24982