# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDELMIRO GUERRA** | **CIVIL ACTION** |
| **VERSUS** | |
| **LIBERTY MUTUAL INSURANCE COMPANY, ET AL.** | **NO. 17-366-JWD-RLB** |

## ORDER

Before the Court is Plaintiff's Motion to Compel Responses to Discovery Requests Propounded by Plaintiff (R. Doc. 23) filed on May 14, 2018. The motion is opposed. (R. Doc. 25).

Plaintiff seeks recovery for an alleged slip and fall in the men's restroom at an Applebee's restaurant. (R. Doc. 1). On August 29, 2017, the Court issued a Scheduling Order setting a deadline of March 1, 2018 for filing all discovery motions and completing all discovery except experts. (R. Doc. 10). Plaintiff sought an extension of the non-expert discovery deadline to allow for the taking of a deposition "of the employee who spoke to the plaintiff immediately after the incident." (R. Doc. 15). The Court granted Plaintiff's motion, extending the deadline to complete non-expert discovery, including the filing of all related discovery motions, to April 30, 2018. (R. Doc. 17).

Defendants provided responses to Plaintiff's Interrogatories and Requests for Production of Documents on or about March 26, 2018. (R. Doc. 23-4). Mr. William Oswald, Jr., the general manager at the restaurant at the time of the incident, was deposed on April 26, 2018. (R. Doc. 23-3).

Plaintiff filed the instant motion on May 14, 2018. (R. Doc. 23). It appears that Plaintiff is seeking an order requiring Defendants "to produce copies of any and all filled out 'Restroom Check Procedure' forms" for the restaurant at issue in light of Plaintiff's written discovery and Mr. Oswald's deposition testimony.[1]

---

[1] By failing to identify the specific discovery request at issue (as opposed to attaching various discovery requests and responses), Plaintiff's Motion to Compel violates Local Rule 37. Defendants identify Plaintiff's Request for Production of Documents No. 2 as the possible underlying discovery request at issue. (R. Doc. 25 at 1-2).

Pursuant to Local Rule 26(d)(1), "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1). The deadline for filing all discovery motions and completing all discovery except experts expired on April 30, 2018. Accordingly, the instant Motion to Compel, which was filed on May 14, 2018, is untimely. *See* LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

Plaintiff makes no attempt to explain his delay in filing the instant motion. To the extent the time within to respond to any specific discovery request was beyond the deadline for fact discovery, Plaintiff also did not seek or obtain leave to Court to conduct such discovery. The Court finds no basis for finding "exceptional circumstances" to consider the instant discovery motion on the merits.

Furthermore, Defendants represent that they "have produced all documents relating to responsibility for inspecting floors in effect within five years of the alleged accident," including, on May 15, 2018, "a copy of all completed 'Restroom Check Procedure' logs in their possession." (R. Doc. 25 at 2-3). Accordingly, the relief sought by Plaintiff has been obtained, and the motion, in addition to being untimely, is moot.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 23) is **DENIED.**

Signed in Baton Rouge, Louisiana, on May 18, 2018.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**